UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRICKLAYERS' UNION LOCAL NO. 1, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:07-CV-1469 (CEJ) ) |
| DIETRICH MASONRY, LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant Dietrich Masonry, LLC, pursuant to Rule 55(b)(2), Fed. R. Civ. P. Plaintiffs filed a complaint in this Court on August 17, 2007. Service of process was obtained on defendant on August 22, 2007. Defendant has not filed an answer or other responsive pleading, and the time for doing so has expired. Accordingly, the Clerk of Court entered default on November 13, 2007.[1]

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are trustees of employee benefit funds (the Pension, Supplemental Pension, International Pension, Welfare, Vacation, and Apprenticeship and Training funds), the Masonry Institute of St. Louis, and Bricklayers' Union Local No. 1 (the

---

[1] Because of the defendants' default, the unopposed allegations of the complaint are deemed to be true. See Angelo Iafrate Const., L.L.C. v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004); Fed.R.Civ.P. 55(b)(2).

Union). Defendant Dietrich Masonry, LLC, is party to a collective bargaining agreement with the Union.

Defendant was required to make contributions pursuant to a collective bargaining agreement between the parties and the ERISA provisions cited above. Plaintiffs allege that defendant has not made some required contributions. They seek a total of $52,753.14, consisting of $43,571.56 in delinquent contributions, $7,043.18 in liquidated damages, $1,237.45 in accounting costs, $507.00 in attorneys' fees, and $393.95 in court costs.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

On September 16, 2005, defendant and the Union entered into a collective bargaining agreement which was effective from May 31, 2001 to May 31, 2006. On January 19, 2007, defendant and the Union entered into a collective bargaining agreement which was effective beginning June 1, 2006. Under the agreements, defendant was required to make contributions to the Welfare (Art. V), Pension (Art. VI), Supplemental Pension (Art. VI), International Pension (Art. VI), Vacation (Art. VIII), and Apprenticeship and Training (Art. IX) funds and trusts. The agreement also obligated defendants to make contributions to the Mason Contractors Association (Art. X)

2

and the Masonry Institute of St. Louis (Art. VIII). Employers make contributions by purchasing "fringe benefit stamps" for each covered employee. Art. XI, § 4. The failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorneys' fees and costs. Art. XI, § 6.

Plaintiffs submit the affidavit of Mark Hollman, an accountant who conducted a payroll audit of defendant on behalf of the benefit funds. Mr. Hollman testified that defendant failed to report and pay contributions on 2,651.75 hours. Mr. Hollman submitted a report showing that the amount of defendant's delinquent contributions is $43,571.56.

The agreement provides for liquidated damages of 10 percent of the amount of the delinquency for the first month, and an additional 2 percent for each additional month during which the employer remains delinquent. The maximum amount of liquidated damages shall not exceed 100 percent of the amount due for any one pay period for which the employer is delinquent. Thus, the plaintiffs are entitled to $7,043.18 in liquidated damages, and the Court will award this amount.

Plaintiffs also submit the affidavit of their attorney, Greg Campbell, who states that the hourly rate for his services is $160.00. The hourly rate for the legal assistant who performed services on this case is $75.00. Mr. Campbell states he worked a total of 2.7 hours and a legal assistant worked 1 hour in this action, for a total of $507.00 for legal services provided in this

3

action. Plaintiffs also seek costs in the amount of $350.00 for the filing fee and $43.95 for service of process, for a total of $393.95 in costs. Thus, the Court will award $900.95 for attorneys' fees and costs in this action.

Finally, plaintiffs seek an award of $1,237.45 in accounting costs, and they submit the affidavit of Mark Hollman stating that this was the amount billed for the payroll analysis. The Court will award $1,237.45 in accounting costs to plaintiffs.

Based upon a review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant Dietrich Masonry, LLC in the amount of $52,753.14.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion [# 7] for default judgment against defendant Dietrich Masonry, LLC is **granted**. A separate judgment in accordance with this order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2008.